# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

## CIVIL NO. 1:08CV155-02
## (1:05CR23-14)

| | | |
|---|---|---|
| **RICHARD ALLEN RIDDLE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | <u>**ORDER OF DISMISSAL**</u> |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

      **THIS MATTER** is before the Court on Petitioner's motion to correct sentence, construed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

      A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack.  **28 U.S.C. § 2255**.  However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.**

The Petitioner (along with 15 others) was charged with conspiracy to manufacture and possess with intent to distribute more than 1.5 kilograms of methamphetamine, in violation of 21 U.S.C. § § 841 and 846.  **Bill of Indictment, filed February 28, 2005**.  Petitioner entered into a written plea agreement with the Government wherein he agreed to plead guilty to the conspiracy charge and stipulated to involvement with at least 50 but less than 150 grams of methamphetamine.  **Plea Agreement, filed April 15, 2005, at 1-2**.

On April 25, 2005, the Magistrate Judge conducted a Rule 11 hearing at which time the Petitioner formally entered his guilty plea.  The Court determined that Petitioner understood the nature of the charges and the penalties he faced, that his guilty plea was knowingly and voluntarily entered and made, and thereupon accepted the Petitioner's guilty plea. **Rule 11 Inquiry and Order of Acceptance of Plea, filed April 25, 2005**. On February 9, 2006, the undersigned conducted a factual basis and sentencing hearing during which it was determined that Petitioner's total offense level was 31 and his criminal history category was III, yielding a

Guidelines sentencing range of 135 to 168 months imprisonment.

Ultimately, the Court sentenced Petitioner to 135 months imprisonment.

**Judgment in a Criminal Case, filed February 27, 2006**.  Petitioner did

not appeal his conviction or sentence.

Some two years after his judgment became final, Petitioner filed a

document captioned as a "Motion to Correct Sentence" on March 20, 2008.

In his motion, Petitioner asserts that the Court erroneously imposed a two-

level enhancement on the ground that his offense had endangered the

environment, in violation of his rights as announced by the U.S. Supreme

Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny.

**Petitioner's Motion, at 2.**  Consequently, Petitioner seeks to vacate his

sentence and for the Court to impose a newly calculated, presumably

lower, term of imprisonment.[1]  *Id*.

Because Petitioner's motion was unclear as to whether he was

pursuing relief in the form of a § 2255 motion or by other means, the Court

entered an order advising Petitioner of the Court's intention to construe his

---

[1]  Ironically, the Guidelines calculations for which Petitioner is arguing
-- offense level 29 and criminal history category III -- yield a sentencing
range of 108 to135 months, which range obviously includes the prison term
he actually received.

pleading as a § 2255 motion, and of the significance of his proceeding with a "first petition." **Order, filed April 1, 2008**.  The Court's Order further informed Petitioner that he had the right to withdraw or amend his motion, or to request that such motion not be recharacterized as a motion pursuant to § 2255.  *Id*.  More importantly, the Court's Order also advised Petitioner of the one-year statute of limitations which is applicable to motions under § 2255.  *Id*.  The Court explained that § 2255 imposes a one-year statute of limitations on motions brought under that provision; that such limitations period runs from the latest of the four occurrences set forth in the Order, which included the one-year limitations period beginning on the date the judgment of conviction became final ("in this case, March 13, 2006").  *Id*.  The Court provided Petitioner 30 days in which to file a response to the Order advising whether or not he agreed with the proposed recharacterization of his motion and whether he wanted to make any amendments to or modifications of that pleading.  *Id*.

On April 14, 2008, Petitioner filed a response to the Court's Order stating, "I agree for you to recharacterize the motion as a § 2255 petition. The cases I stated is all I have."  **Petitioner's Response, filed April 14, 2008.**  Petitioner did not provide any explanation for the delay in filing his

motion or otherwise explain why his motion should be construed as timely filed even though the Court's Order specifically mentioned the statutory period of limitations applicable to § 2255 motions.

"A 1-year period of limitation applies to a motion under this section. The limitation period shall run from the latest of – (1) the date on which the judgment of conviction becomes final[.]" **28 U.S.C. § 2255;** *see also*, **Order, at 2**. As previously noted, Petitioner did not pursue a direct appeal of his criminal case. Therefore, the judgment of conviction entered on February 27, 2006, became final 10 days later, on March 13, 2006. *See* **Fed. R. App. P. 4(b) (providing a 10-day period for defendants to appeal their criminal judgments);** *United States v. Wilson*, **256 F.3d 217, 221 (4th Cir. 2001) (noting that pursuant to Rule 4(b), an unappealed judgment becomes final ten days after its entry)**. Because Petitioner did not file the instant § 2255 motion until March 20, 2008, it was filed outside the one-year statute of limitations period and is, therefore, untimely.

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to correct sentence, construed by the Court at Petitioner's request as a motion to

vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, is

hereby **DISMISSED WITH PREJUDICE**.

Signed: April 23, 2008

Lacy H. Thornburg
United States District Judge